# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-071V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| AMANDA SAMUELS, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: September 25, 2020 |
| | * | |
| v. | * | |
| | * | Attorney's Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Diana Stadelnikas*, Maglio Christopher & Toale, P.A., Sarasota, FL, for Petitioner.

*Catherine Stolar*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS** [1]

On January 17, 2017, Amanda Samuels filed a Petition under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that the Tetanus-Diphtheria-acellular-Pertussis ("Tdap") vaccine she received on April 23, 2014, caused her to suffer acute disseminated encephalomyelitis ("ADEM") that subsequently evolved into multiple sclerosis ("MS"). Pet. at 1 (ECF No. 1). A hearing in this matter was held on November 19, 2019, and I issued a decision denying entitlement on May 1, 2020 (ECF No. 57). That Decision was not appealed.

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner now requests a final award of attorney's fees and costs in the amount of $110,562.70 for the work of three attorneys (Ms. Jessica Olins, Esq.; Ms. Danielle Strait, Esq.; and Ms. Diana Stadelnikas, Esq.) as well as the supportive work of seven paralegals. *See* Motion for Final Award of Attorney's Fees and Costs, filed July 2, 2020 (ECF No. 61) ("Final Fees App."); Fees Invoice, filed as Ex. 48 on July 2, 2020 (ECF No. 60-1).[3] The costs requested—a total amount of $35,614.64—include medical record retrieval, travel, expert fees, and mailing expenses. Costs Invoice, filed as Ex. 49 on July 2, 2020 (ECF No. 61-2). And Petitioner requests $888.82 for costs she personally incurred. Final Fees App. at 2; General Order No. 9, filed as Ex. 50 on July 2, 2020 (ECF No. 61-3). Petitioner's personal costs include travel and hotel expenses related to the entitlement hearing, as well as some costs incurred while retrieving medical records. Ex. 50.

Respondent reacted to the fees request on July 3, 2020. *See* Response, dated July 3, 2020 (ECF No. 62). He indicates in his Response that he is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2–3. Petitioner thereafter filed a Reply in which she argued Respondent unduly burdens the Court and prejudices Petitioner by effectively eliminating her ability to remedy any problems that may exist in the request. Reply, filed July 6, 2020 (ECF No. 63).

For the reasons set forth below, I hereby grant Petitioner's motion in full.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Under the Vaccine Act, a special master may award fees and costs to an unsuccessful petitioner if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). In short, the claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, --- (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994)

---

[3] This is the sole fees and costs request made in this case since its initiation.

(upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (Fed. Cl. 2019). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4] The Court of Federal Claims has affirmed that the "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017).

Although it did not ultimately succeed, Petitioner's claim had sufficient objective basis to entitle her to a fees and costs award. *See, e.g.*, *P.M. v. Sec'y of Health & Hum. Servs.*, No. 16-949V, 2020 WL 1130353, at *1 (Fed. Cl. Spec. Mstr. Feb. 5, 2020). Claims that vaccines can cause ADEM and/or MS have scientific legitimacy, and thus are not comparable to the kinds of claims (like those asserting autism as a vaccine injury) that have been discredited through repeated consideration. *See, e.g.*, *Hunt v. Sec'y of Health & Hum. Servs.*, No. 12-232V, 2015 WL 7459018, *1 (Fed. Cl. Spec. Mstr. Oct. 14, 2015). This claim also was based on undisputed record evidence of Petitioner's post-vaccination injury, and bulwarked by an expert opinion that was not frivolous or obviously poorly reasoned, even if I ultimately did not find it persuasive. There was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis. Accordingly, an award of fees and costs in this matter is appropriate.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys and support staff, based on the years work was performed:

|  | **2016** | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|---|
| **Jessica Olins, Esq.** | - | - | - | $199 | $225 |
| **Danielle Strait, Esq.** | - | - | - | $340 | - |
| **Diana Stadelnikas, Esq.** | $359 | $372 | $396 | $415 | $440 |
| **Emily Monahan (paralegal)** | - | - | $148 | $154 | $160 |
| **Mandy Houston (paralegal)** | - | - | $140 | $145 | - |
| **Jennifer Gutierrez (paralegal)** | $135 | - | $148 | - | - |
| **Jakari Enninful (paralegal)** | - | $145 | - | - | - |
| **Angel Rivera (paralegal)** | - | $145 | - | - | - |
| **Stacie Blanchard (paralegal)** | $145 | - | - | - | - |
| **Kimberly Dutra (paralegal)** | $135 | $145 | $148 | - | - |

Ex. 48 at 27.

The attorneys practicing at Maglio Christopher & Toale, located in Sarasota, Florida, Washington, DC, and Seattle, WA, have repeatedly been found to be "in-forum," and therefore are

entitled to the forum rates utilized by the Office of Special Masters.[5] *See Freyre v. Sec'y of Health & Hum. Servs.*, No. 16-866V, 2020 WL 3619506, at *2 (Fed. Cl. Spec. Mstr. June 18, 2020) (awarding in-forum rates to an attorney practicing in the Sarasota, FL office); *Monterroso v. Sec'y of Health & Hum. Servs.*, No. 17-1310V, 2019 WL 7494982, at *2 (Fed. Cl. Spec. Mstr. Dec. 9, 2019) (awarding in-forum rates to an attorney practicing in the Seattle, WA office).

Upon consideration, given the information proffered by Petitioner herein about the attorneys and support staff of Maglio Christopher & Toale, along with their overall experience, the quality of their work, and their reputation in the legal community, I find that the rates requested are reasonable for the work completed herein and do not require reduction. I also find, after review of the billing records, that the work performed on the matter was reasonably incurred, and therefore make no reductions to the time billed. Accordingly, all time requested for attorney or paralegal work performed on this matter shall be reimbursed.

## III. Calculation of Attorney Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are *reasonable*. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $35,614.64 in costs incurred since the claim's filing, including medical record retrieval, travel, and mailing expenses. Ex. 49. Such costs are typical in Program cases, and Respondent does not otherwise object to their reasonableness. Petitioner also seeks reimbursement of expert fees for consulting work performed by Dr. Lawrence Steinman at a rate of $500 per hour. Ex. 49 at 19, 56. This rate is consistent with what has previously been awarded for Dr. Steinman's services in past Program cases. *See, e.g.*, *Chinea v. Sec'y of Health & Hum. Servs.*, No. 15-095V, 2019 WL 3206829, at *5 (Fed. Cl. Spec. Mstr. June 11, 2019). Though I ultimately did not find Petitioner's argument persuasive, I did find Dr. Steinman's testimony to be helpful in resolving the matter, and the overall quality of the work performed justifies the requested rate. I also find that the number of hours expended in this matter was reasonable. Respondent does not otherwise dispute the reasonableness of Petitioner's request.

---

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2016-2020, https://www.uscfc.uscourts.gov/node/2914 (last visited on Sept. 25, 2020).

Accordingly, I award Petitioner's requested amount of $35,614.64 for attorney's costs in full.

## IV.   Petitioner's Costs

Petitioner submitted a statement in accordance with General Order No. 9 outlining costs she personally incurred during the course of litigation. *See* Ex. 50. These costs reflect the hotel and transportation expenses she incurred while attending the entitlement hearing in this matter, as well as some costs associated with the retrieval of medical records. *Id.* Such costs are typical, and the specific amount requested—$888.82—is reasonable. Thus, I award the amount in full without reduction.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I award a total of **$146,177.34**—representing $110,562.70 in attorney's fees and $35,614.64 in costs—in the form of a check payable to Petitioner and Petitioner's counsel, Maglio Christopher & Toale, PA. Additionally, I award a total of **$888.82**, representing costs personally incurred by Petitioner, in the form of a check payable to Petitioner. Both checks are to be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.